NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAFAEL MENDOZA, | : |
|                             Petitioner | :    Civ. No. 23-4057 (RMB) |
| v. | :    **OPINION** |
| WARDEN, FCI FT. DIX NJ | : |
|                             Respondents | : |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Petitioner Rafael Mendoza, a prisoner incarcerated in the Federal Correctional Facility in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking application of earned Time Credits under the First Step Act ("FSA"), and immediate release from prison. (Pet., Dkt. No. 1.) This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. The Court will dismiss the petition without prejudice failure to exhaust administrative remedies.

I.     THE PETITION

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

Petitioner submits that he is entitled to 365 days of earned Time Credits under the FSA, but his Sentence Monitoring Data shows that he is "FSA Ineligible." Therefore, the BOP has determined an incorrect release date of December 8, 2023. (Pet., Dkt. No. 1-2 at 1.)  Petitioner acknowledges that he did not file a grievance or seek an administrative remedy.  (Pet. ¶ 7, Dkt. No. 1.)

## II.   ANALYSIS

Federal prisoners are required to exhaust administrative remedies prior to filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, with very limited exceptions.  *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  A primary purpose of exhaustion is to conserve judicial resources by permitting the agency to grant the relief requested, where appropriate.  *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (1981); *see also Schlesinger v. Councilman*, 420 U.S. 738, 756–57 (1975) (exhaustion avoids duplicative proceedings and insures that judicial review will be informed and narrowed); *McKart v. United States*, 395 U.S. 185, 195 (1969) (circumvention of administrative process diminishes effectiveness of an agency by encouraging prisoners to ignore its procedures)).[2]  The petition does not indicate any basis to excuse exhaustion of administrative remedies.  *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (citing *Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128, 1138 (3d Cir.1979) (describing exceptions to exhaustion

---

[2] Indeed, it may be faster to obtain relief through administrative remedies, where relief may be granted at the first step of informal resolution.   28 C.F.R. § 542.13.

requirement.))

## III.   CONCLUSION

For the reasons discussed above, the Court will dismiss the petition without prejudice for failure to exhaustion administrative remedies.

An appropriate order follows.

**Dated:**   <u>July 31, 2023</u>

<u>s/Renée Marie Bumb</u><br>
RENÉE MARIE BUMB<br>
Chief United States District Judge